

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 27 2005
J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES GUY, #59652**                                                                 **PLAINTIFF**

**VERSUS**                                              CIVIL ACTION NO. 2:05cv41KS-JMR

**CHRISTOPHER B. EPPS, RONALD KING,**
**JANE BOND and ALICIA BOX**                                                          **DEFENDANTS**

### MEMORANDUM OPINION

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff James Guy, an inmate currently confined at the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Christopher B. Epps, Commissioner of the Mississippi Department of Corrections (MDOC); Ronald King, Superintendent of SMCI; Jane Bond, former Director of MDOC records department; and Alicia Box, Director of SMCI records department.

The plaintiff complains that the defendants have improperly calculated his criminal sentence. Plaintiff alleges that he should receive eighteen and one-half years of sentence credit based on the law in place when he was convicted and sentenced. Plaintiff claims that he should be awarded this credit based on 50% of his total sentence of thirty-seven years. Plaintiff complains that the defendants are subtracting ten years, as mandatory time since he was convicted of armed robbery, from his thirty-seven year sentence total and then applying the 50% sentence credit. Plaintiff alleges that this calculation error to his sentence will result in him serving five years more than his sentence requires under the law. Plaintiff requests that this court order the defendants to recompute his sentence to reflect eighteen and one-half years credit or a tentative release date of February 9, 2013, issue a declaratory judgment and award him

monetary damages in the amount of $10,000.00 from each defendant.

On March 28, 2005, the plaintiff was ordered [6-1] to file an amended complaint to specifically state if he had filed any motions, petitions or complaints with the state courts of Mississippi regarding his sentence calculation. On April 15, 2005, plaintiff filed his amended complaint [7-1] stating that he is currently litigating two cases regarding his sentence calculation claims before the Mississippi Supreme Court or the Mississippi Court of Appeals, case numbers 2004-CP-01979-COA and 2005-CP-00279.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827,

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

Analysis

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. The United States Court of Appeals for the Fifth Circuit has held that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983." Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). Therefore, to the extent the plaintiff is requesting an earlier release from custody, a petition for habeas corpus relief is the appropriate legal vehicle to assert these claims.

However, prior to pursuing this matter through habeas corpus in federal court, the plaintiff is required to exhaust all of his available state remedies. Preiser v. Rodriguez, 411 U.S. 475

3

(1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). It is clear from the plaintiff's amended complaint that he has not yet completed the exhaustion of his state remedies. As such, this court will not construe the plaintiff's request for an earlier release from custody as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

To the extent that plaintiff is requesting monetary damages, his claim is not cognizable under 42 U.S.C. § 1983, in that it essentially challenges the plaintiff's imprisonment. Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court reasoned as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). Since this action calls into question the validity of the plaintiff's sentence, as precluded by the court in Heck, and because the plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that the plaintiff cannot maintain this claim under 42 U.S.C. § 1983. Accordingly, the portion of plaintiff's complaint requesting monetary damages shall be dismissed, with prejudice, until the Heck conditions are satisfied. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## Conclusion

As discussed above, the plaintiff's claims regarding his sentence calculation and request for

4

an earlier release from custody are not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for the plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 27th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

2:05cv41KS-JMR                                   5